Dear Mr. Sprick:
This opinion is in response to your question asking:
 If the voters of Howard County approve an additional tax for a Special Road and Bridge Fund pursuant to § 137.555, RSMo, at an election to be held on November 4, 1986, can such tax be collected for 1986 in light of the provisions of § 137.055, RSMo, which seems to require the rate of county taxes to be fixed by the County Commission prior to September 20, 1986?
Your opinion request states the facts as follows:
 The County Commission of Howard County has placed a proposition on the ballot to be voted on November 4, 1986, which requests that the voters approve an additional Road and Bridge Fund Tax, pursuant to § 137.555, RSMo, for 1986. § 137.055, RSMo, states that the County Commission shall fix the various tax rates prior to September 20th of each year. A question has arisen as to whether the tax could be levied and collected for 1986, if approved by the voters of the November election.
Section 137.555, RSMo 1978, provides that counties may, in their discretion, levy a tax not exceeding thirty-five cents ($.35) on each one hundred dollars ($100.00) of assessed valuation to be collected and turned over to the Special Road and Bridge Fund to be used for road and bridge purposes; provided, however, that four-fifths of the revenues derived from property located within any special road district is paid over to such road district. In Missouri Attorney General Opinion No. 14-83, copy enclosed, this office concluded that Article X, Section 12(a) of the Missouri Constitution is self-enforcing and that the thirty-five cent ($.35) limit in Section 137.555 must yield to the constitutional authorization of a levy of fifty cents ($.50), but that nothing in the Constitution repeals the provision of Section 137.555 requiring the transfer of four-fifths of the additional tax, arising from property lying in any special road district, to such special road district.See also Missouri Attorney General Opinion No. 129, Lybyer, 1979, copy enclosed.
Section 137.055.1, RSMo 1978, provides:
 1. After the assessor's book of each county, except in the city of St. Louis, shall be corrected and adjusted according to law, but not later than September twentieth, of each year, the county governing body shall ascertain the sum necessary to be raised for county purposes, and fix the rate of taxes on the several subjects of taxation so as to raise the required sum, and the same to be entered in the proper columns in the tax book.
In Missouri Attorney General Opinion No. 101, Hines, 1974, copy enclosed, and Missouri Attorney General Opinion No. 167, Schwartze, 1978 (withdrawn), this office took the position that statutes establishing a deadline for the setting of taxes are directory, unless some consequence or penalty is attached to failure to comply with the deadline. The 1978 opinion was withdrawn in light of the 1981 amendments to Section 67.110.1, RSMo, which establish certain consequences for failure to comply with the tax rate setting deadline in Section 67.110.1, RSMo.
We have examined Section 137.055, RSMo 1978, and find that the General Assembly has not specified any consequence or penalty for failure to comply with the tax rate setting deadline established therein. Accordingly, under the reasoning of our prior opinions, we conclude that the tax rate setting deadline in Section 137.055, RSMo 1978, is directory and not mandatory. This means that if the voters approve an additional county special road and bridge tax at the November 4, 1986 general election, such tax can be collected for 1986, even though the rate for such tax is certified after September 20, 1986.
CONCLUSION
It is the conclusion of this office that the September 20 tax-rate-setting deadline in Section 137.055, RSMo 1978, is directory and not mandatory.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General